# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **JOSHUA HARRISON KITTS,** | No. CV-09-653-TUC-RCC (CRP) |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| **CHARLES RYAN et al.,** | |
| Respondents. | |

Joshua Harrison Kitts ("Petitioner"), presently an inmate at the Arizona State Prison Complex in Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 ("Habeas Petition") on November 17, 2009. (Doc 1). Petitioner presented the following claims in his Habeas Petition:

> Ground I: Petitioner alleges ineffective assistance of counsel in violation of his rights under the Sixth Amendment including:
>
> I-A. Ineffective assistance of trial counsel for failure to adequately prepare for the trial and failure to adequately research issues in preparation for the cross examination of a witness whom Petitioner alleged committed the robbery.
>
> I-B. Ineffective assistance of appellate counsel for failure to raise all the colorable claims Petitioner asked counsel to raise.
>
> I-C. Ineffective assistance of both attorneys who filed collateral attacks on the conviction in state court.

> Ground II: Petitioner alleges the inclusion of the word "flight" in the jury instruction violated his due process rights under the Fifth Amendment.
>
> Ground III: Petitioner alleges the trial judge violated his constitutional rights under the Fifth Amendment by sentencing him to consecutive rather than concurrent terms.
>
> Ground IV: Petitioner alleges his constitutional rights under the Fifth Amendment were violated by the admission of "drug induced statements" into evidence at trial.

Respondents oppose the Habeas Petition, arguing: (1) Petitioner's claims under Grounds I-A, I-B in part (with the exception of ineffective assistance of appellate counsel claim for failure to challenge the admission of allegedly unreliable statements), II, III, and IV are procedurally defaulted; (2) claims under Ground I-C are not cognizable in federal habeas actions; and (3) the claim in Ground I-B in part (ineffective assistance of appellate counsel for failure to challenge the trial court's admission of statements he made at the hospital to evidence) fails on the merits. (Doc 9).

For the reasons discussed herein, the Court recommends the District Judge, after independent review, DENY Ground I-C as not constituting a ground for relief in federal habeas proceedings, DISMISS Grounds I-A, I-B in part (with the exception of the claim denied on merits below), II, III, and IV as procedurally defaulted, and DENY Ground I-B in part (ineffective assistance of appellate counsel for failure to challenge the admission of statements) on the merits.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Petitioner's Criminal Trial

In June 2002, police officers chased Petitioner, suspecting him of committing an armed robbery. Petitioner was shot, lost control of his vehicle and crashed it into a tree. Petitioner was treated at the hospital where he made several inculpatory statements. (Doc 12, Ex. W, pp. 3-4).[1]

---

[1] This Report and Recommendation cites to the page numbers as they appear on the Court's electronic case management system, CM/ECF.

Petitioner was charged with five counts, including armed robbery, aggravated assault, and burglary. (Doc 9-3, Ex. J, p. 11). Before trial, Petitioner's counsel filed two motions in limine seeking to preclude from the trial statements made by Petitioner in the hospital. In the first motion, Petitioner's counsel argued those statements must be suppressed as privileged communications between Petitioner and the hospital's medical personnel. (Doc 9-1, Ex. A, pp. 2-14). In the second motion, Petitioner's counsel argued Petitioner was given morphine while being treated in the hospital, and therefore, his statements were not reliable. (Doc 9-1, Ex. F, pp. 58-62). After an evidentiary hearing (Doc 9-2, Ex. H, pp. 2-132), the trial court admitted Petitioner's statements into evidence. (Doc 9-2, Ex. I, pp. 134-135). The trial court found (1) the statements were not privileged as they were not necessary to enable medical personnel to treat Petitioner and (2) Petitioner was able to appreciate what his statements were and did not show signs of severe impairment from the morphine or pain. (Doc 9-2, Ex. H, pp. 127-129).

On November 20, 2002, a jury found Petitioner guilty of five counts: (1) armed robbery, a class two dangerous nature offense, (2) aggravated assault, a class three dangerous nature offense, (3) burglary in the first degree, a class three dangerous nature offense, (4) and (5) both class six disorderly conduct convictions of a dangerous nature (instead of aggravated assault on the police officer, the original charges against Petitioner). (Doc 12, Ex. W, pp. 2-3; Doc 9-3, Ex. J, p. 11). On January 27, 2003, Petitioner was sentenced to a mitigated term of eight years for each of the first three counts, all to run concurrently to each other, and to a mitigated term of two years for each of the last two counts, to run concurrently to each other, but consecutively to the first sentences. In total, Petitioner was sentenced to 10 year in prison. (Doc 11-2, Ex. S, pp. 2-33; Ex. T, pp. 35-43). The judge credited the time already served by Petitioner only against the first eight years, and did not credit it against the consecutive two-year term. (Doc 11-2, Ex. T, pp. 35-43).

### B. Petitioner's Direct Appeal

On direct appeal to the Arizona Court of Appeals Petitioner raised five issues:

1. Trial court erred by permitting witness to testify that the defense could have, but did not test for fingerprints on the weapon.
2. Trial court erred in precluding Petitioner's testimony about the witness whom Petitioner alleged committed the robbery. Petitioner alleged the testimony was permitted under an exception to hearsay;
3. Trial court erred in partially admitting Petitioner's prior convictions;
4. Prosecutorial misconduct in closing argument; and
5. Prosecutorial misconduct in misstating the evidence.

(Doc 11-2, Ex. U, pp. 46-47). On August 16, 2004, the Arizona Court of Appeals affirmed the conviction and sentence. (Doc 12, Ex. W, pp. 2-15). Petitioner did not seek review in the Arizona Supreme Court.

**C. Petitioner's Post-Conviction Relief Proceedings**

On August 18, 2004, Petitioner filed his Notice of Post-Conviction Relief (Doc 12, Ex. X, pp. 17-19), followed by the petition ("Original PCR Appeal") filed on December 20, 2004 (Doc 12, Ex. Z, pp. 25-37). In his Original PCR Appeal, Petitioner raised claims about ineffective assistance of his trial and appellate counsels, including the following:

1. Petitioner argued his trial counsel was ineffective for: (1) failing to raise a defense of misidentification and failing to request a fingerprint analysis of the gun; and (2) failing to reveal evidence to the jury that could potentially exculpate the Petitioner (jail records of the telephone conversations between Petitioner and a witness whom Petitioner alleged committed the crime, threats allegedly made to Petitioner's girlfriend by the same witness). (Doc 12, Ex. Z, pp. 26-27; Ex. AA, pp. 54-55).
2. Petitioner argued his appellate counsel was ineffective for failing to raise the following issues:
    a. trial court's alleged error in admitting statements made by Petitioner in the hospital;
    b. trial court's alleged error in denying the motion for new trial and permitting the State to use a last-minute rebuttal witness.

(Doc 12, Ex. Z, pp. 28). On October 25, 2005, the trial court denied these claims on the merits. (Doc 12-1, Ex. BB, pp. 2-4).

- 4 -

Subsequently, Petitioner filed several motions requesting reconsideration and motions supplementing his Original PCR Appeal. The trial court eventually granted leave and accepted all of Petitioner's subsequent supplements as part of the Original PCR Appeal. (Doc 12-2, Ex. YY, p. 40-42, *See* Original PCR Appeal and all subsequent supplements at Doc 12, Ex. AA and Doc 12-1, Ex. JJ, LL, and WW). This Court collectively refers to the Original PCR Appeal and the subsequent supplements as "PCR Appeal". In subsequent supplements to the Original PCR Appeal, Petitioner raised the following issues (among other claims irrelevant for the purposes of this Report and Recommendation):

1. Trial court's inclusion in the jury instruction of the word "flight" violated Petitioner's due process rights under the Fifth Amendment. (Doc 12-1, Ex. LL, pp. 49-51).
2. Trial court violated Petitioner's rights by sentencing him to consecutive rather than concurrent terms. (Doc 12-1, Ex. LL, pp. 48-49).
3. Trial court erred by admitting Petitioner's "drug induced statements" into evidence at trial. (Doc 12-1, Ex. LL, pp. 52-53).

By two rulings dated November 1, 2007 and December 6, 2007 (Doc 12-2, Ex. YY, pp. 40-42 and AAA, pp. 50-51), the trial court denied Petitioner's PCR Appeal, finding that Petitioner's claim as to arbitrary imposition of consecutive sentences was "precluded as it could have been raised on direct appeal. Rule 32.2, Arizona Rules of Criminal Procedure." (Doc 12-2, Ex. YY, p. 40). The trial court further found Petitioner's claims as to jury instructions are also "precluded as they could have been raised on direct appeal." (Doc 12-2, Ex. AAA, p. 50). As to Petitioner's claims related to hospital statements, the trial court found these claims were "also precluded as they could have been raised on direct appeal." (Doc 12-2, Ex. AAA, p. 51).

Petitioner filed a petition for review to the Arizona Court of Appeals challenging the trial court's decisions concerning:

1. Ineffective assistance of trial counsel,
2. Judge's abuse of discretion at sentencing,

      3.    Errors in jury instructions by including the reference to "flight" and previous misdemeanors,
      4.    Erroneous admission of unreliable statements made by Petitioner under the influence of morphine, and
      5.    Use of false testimony to obtain conviction.

(Doc 12-2, Ex. BBB, p. 53-62). On July 9, 2008, the Arizona Court of Appeals granted review, but denied relief. (Doc 12-2, Ex. CCC, pp. 81-89). The Court of Appeals found no abuse of discretion on the part of the trial court and affirmed the trial court's conclusion that "each of [the] claims – which concerned the admission of evidence, jury instructions, and sentencing – could have been raised on [direct] appeal, and each was therefore, precluded pursuant to Rule 32.2(a) and (c)." (Doc 12-2, Ex. CCC, p. 85).

Petitioner filed a petition for review to the Arizona Supreme Court challenging the denial of his PCR Appeal by the trial court and the Court of Appeals. (Doc 12-3, Ex. FFF). On November 3, 2008, the Arizona Supreme Court denied Petitioner's petition. (Doc 12-3, Ex. GGG).

Petitioner filed his federal Habeas Petition on November 17, 2009. (Doc 1). Respondents state Petitioner placed the Habeas Petition in the prison mail system no later than October 31, 2009. (Doc 9, p. 9).

## II. DISCUSSION

### A. Timeliness

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for state prisoners filing federal habeas petitions. 28 U.S.C. § 2244(d)(1).

Respondents do not allege the Habeas Petition is untimely and it appears to be timely. Petitioner's collateral review was completed on November 3, 2008, when the Arizona Supreme Court denied Petitioner's Petition for Review. Thus, Petitioner had until November 4, 2009 to file his federal Habeas Petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.2001) (calculating the one-year AEDPA statute of limitations using the

"anniversary method" of Rule 6(a) of the Federal Rules of Civil Procedure). Although Petitioner's federal Habeas Petition was not filed with this Court until November 17, 2009, the evidence shows he timely filed the Habeas Petition by placing it in the prison mail prior to the expiration of the limitations period. Petitioner signed the Habeas Petition on October 28, 2009. (Doc 1, p. 11). In their Answer to the Habeas Petition, Respondents concede that Petitioner filed his federal Habeas Petition no later than October 31, 2009, which is confirmed by prison mail logs checked by counsel for Respondents. (Doc 9, p. 9). As such, this Court finds the Petitioner's Habeas Petition timely.

### B. Cognizability of Petitioner's Ineffective Assistance Claim for Both State Collateral Appeal Attorneys

In Ground I-C of his Habeas Petition, Petitioner alleges ineffective assistance of both Rule 32 appeal counsel. The ineffectiveness or incompetence of counsel during state collateral post-conviction proceedings does not constitute a ground for relief in a proceeding arising under section 2254. 28 U.S.C. § 2254(I); *Poland v. Stewart*, 169 F.3d 573, 588 (9th Cir.1999) ("Because there is no constitutional right to an attorney in state post-conviction proceedings, there cannot be constitutional ineffective assistance of counsel in such proceedings."). Therefore, the claims in Ground I-C should be denied with prejudice.

### C. Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), a prisoner must show either he has exhausted the remedies available in the courts of the State, or there is an absence of available State corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. To properly exhaust state remedies a petitioner must "fairly present his claims to the state courts in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Specific to Arizona, exhaustion requires that a petitioner either fairly present his claims to the Arizona Court of Appeals, *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999), or show that no state remedies remain available. *Kellotat v. Cupp*, 719 F.2d 1027, 1029 (9th Cir.1983) (citing *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir.1982)). This requirement of exhaustion is designed to give the State an initial

opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Under procedural default, a petitioner's claims may be precluded from federal review in one of two ways: by showing either that a state court found a claim defaulted on state procedural grounds, or, if the claim was never presented in any state forum, that no state remedies remain available to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 729-730, 735 (1991).

The first type of procedural default occurs when a state court "makes an adequate and independent finding of procedural default" that finding "will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris v. Reed*, 489 U.S. 255, 262 (1989) (internal quotation marks omitted). The adequate and independent finding, however, cannot be equivocal: "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rending a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Id.* at 263 (internal quotation marks omitted). If it is not clear that the state court decided the claim based on an independent and adequate state law ground, but rather its decision was interwoven with federal law, there is a conclusive presumption of jurisdiction. *Coleman*, 501 U.S. at 733.

A petitioner must make the federal basis of a claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident." *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir.1999). A petitioner may also cite state cases that explicitly analyze the same federal constitutional claim. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir.2003) (en banc). A petitioner may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir.1997). Federal courts accept a state court's interpretation of state law, see *Melugin v. Hames,* 38 F.3d 1478, 1482 (9th Cir.1994), and alleged errors in the application of state law are not cognizable in federal habeas corpus.

*Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021 (1986).

A state procedural rule constitutes an adequate bar to federal court review if it was firmly established and regularly followed at the time it was applied by the state court, and is considered independent if it is not interwoven with federal law or dependent on a federal constitutional ruling. *Poland v. Stewart*, 169 F.3d 573, 585 (9th Cir.1999) (internal quotation marks and citations omitted).

Failure to abide by an adequate and independent state procedural rule alone does not automatically prevent federal review. Rather, the state court must actually have relied on the procedural bar as a basis for dismissal. If the state court overlooks the procedural default, there is no procedural bar to federal review. *Poland*, 169 F.3d at 585. Arizona's procedural rules are consistently and regularly followed and are independent of federal law, and thus, represent an adequate bar to federal review. *Id.* In Arizona, preclusion of issues for failure to present them at an earlier proceeding under Arizona Rule of Criminal Procedure 32.2 are explicitly found to be independent of federal law because they do not depend upon a federal constitutional ruling on the merits. *Cook v. Schriro,* 538 F.3d 1000, 1026 (9th Cir.2008).

The second type of procedural default occurs when a petitioner has technically exhausted his federal claim in state court because no available state remedy remains, but the petitioner failed to present that claim in state court. To determine whether any state remedy remains with a claim that has never been presented to the state court, a federal habeas court looks to the state procedural rules. *See Harris v. Reed,* 489 U.S. 255, 263 n. 9 (1989). In Arizona, determining whether a petitioner's unexhausted claims are procedurally defaulted involves consideration of Rule 32 *et seq.* of the Arizona Rules of Criminal Procedure. Rule 32 governs post-conviction relief proceedings and outlines the circumstances under which a state prisoner may seek relief. Ariz.R.Crim.P. 32.1. Under Rule 32.2, relief is barred on any claim which could have been raised in a direct appeal under Rule 31or a prior Rule 32 petition for post-conviction relief, with the exception of certain claims not applicable here.

Ariz.R.Crim.P. 32.2. (For exceptions *see* Ariz.R.Crim.P 32.1(d)-(h): State prisoners may seek relief in successive PCR Appeals for: claims of incarceration beyond sentence expiration, newly-discovered material facts, failure to timely file for relief not prisoner's fault, significant change in the law retroactively applicable, or actual innocence). When a petitioner fails to exhaust his claims in state court but cannot now return to state court because the state procedural rules bar Petitioner's claims, the claims are procedurally defaulted for purposes of his federal habeas petition. *Franklin v. Johnson,* 290 F.3d 1223, 1231 (9th Cir.2002).

If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or a fundamental miscarriage of justice. *Teague v. Lane*, 489 U.S. 288, 298 (9th Cir.1989). When a petitioner's claims are procedurally barred and the petitioner has not shown cause or prejudice for the default, "the district court dismisses the petition because the petitioner has no further recourse in state court." *Franklin,* 290 F.3d at 1231 (internal citations omitted).

In the case before this Court, Petitioner asserts four grounds for relief. Respondents contend Grounds I-A, I-B in part, II, III and IV are all procedurally defaulted. This Court agrees with Respondents.

**Ground I: Ineffective Assistance Claims**

In Ground I, Petitioner alleges three claims of ineffective counsel. As discussed supra., Ground I-C is not cognizable as a federal claim. The Court now addresses the remaining two ineffective counsel claims.

**Ground I-A: Ineffective Assistance of the Trial Counsel**

Petitioner specifically alleges ineffective assistance of trial counsel for failure to adequately prepare for trial and failure to adequately research issues in preparation for the cross examination of a witness whom Petitioner alleged committed the robbery. Petitioner

raised this claim in his PCR Appeal to the state trial court, arguing his trial counsel was ineffective for:

> (1) failing to raise a defense of misidentification and requesting a fingerprint analysis of the gun; and
>
> (2) failing to reveal evidence to the jury that could potentially exculpate the Petitioner (jail records of the telephone conversations between Petitioner and a witness whom Petitioner alleged to have committed the crime, threats allegedly made to Petitioner's girlfriend by the same witness).

(Doc 12, Ex. Z, pp. 26-27; Ex. AA, pp. 54-55). In his petition for review to the Court of Appeals, however, Petitioner made only a general claim of "[i]nadequate, ineffective assistance of counsel." (Doc 12-2, Ex. BBB, p. 53). While Petitioner further discussed the ineffective assistance claim in his petition, it was only with respect to appellate counsel. (Doc 12-2, Ex. BBB, pp. 56-57). Addressing Petitioner's claim of ineffective trial counsel, the Court of Appeals found Petitioner waived his right to appellate review by failing to raise this issue on appeal pursuant to Arizona Rule of Criminal Procedure 32.9(c) ("Failure to raise any issue that could be raised in the petition [...] for review shall constitute waiver of appellate review of that issue."). (Doc 12-2, Ex. CCC, p. 86 n. 3).

Thus, Petitioner's ineffective trial counsel claim is procedurally defaulted both because the state court of appeals applied an independent and adequate state law procedural bar and also because Petitioner did not raise this claim to the state court of appeals and cannot now go back to state court to exhaust it. The Court recommends dismissing with prejudice Ground I-A because it is procedurally defaulted.

**Ground I-B: Ineffective Assistance of the Appellate Counsel**

Petitioner alleges ineffective assistance of the appellate counsel for failure to raise all the colorable claims Petitioner asked counsel to raise on appeal to prevent preclusion at a later stage. (Doc 1, p. 6). Petitioner brought this claim in his PCR Appeal to the state trial court, arguing that the appellate counsel failed to raise the following issues:

> (1) trial court's alleged error in admitting statements made by the Petitioner in the hospital;
>
> (2) trial court's alleged error in denying the motion for new trial and permitting the State to use a last-minute rebuttal witness.

(Doc 12, Ex. Z, pp. 28-29). In his petition for review to the Court of Appeals, Petitioner's claim is not specific; he alleges "[i]nadequate, ineffective assistants [sic] of counsel". (Doc 12-2, Exhibit BBB, p. 53). Later in his petition for review, Petitioner makes this statement:

> Time after time the trial court has thwarted petitioner's access to the court's [sic] which is another Right, 14th Amendment of the U.S. Constitution by appointing counsel that would not raise all of petitioner's claims. Therefore petitioner is forced to raise his own claim's [sic] which the trial court now says are "precluded as they could have been raised on direct appeal". Just further going to show that petitioner's appointed counsel(s) were not doing their job and were ineffective and inadequate.

(Doc 12-2, Exhibit BBB, pp 56-57).

Petitioner did not fairly present his ineffective assistance of appellate counsel claim to the Arizona Court of Appeals and therefore did not exhaust one complete round of appellate review. "Fair presentation requires that the petitioner must present both the operative facts and the federal legal theory on which his claim is based to the state court." *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir.2003). In its review of the petition, the Arizona Court of Appeals found all but one of Petitioner's claims of ineffective appellate counsel were precluded from review under Arizona Rule of Criminal Procedure 32.9(c). (Doc 12-2, Ex. CCC, p. 87 ¶ 11).

The one claim the appellate court did review on the merits was a claim that appellate counsel was ineffective for failing to challenge the trial court's admission of inculpatory statements Petitioner made while medicated in the hospital. (Doc 12-2, Ex. CCC, p. 87 ¶ 12). If the state court overlooks the procedural default, there is no procedural bar to federal review. *Poland*, 169 F.3d at 585. Petitioner failed to present his claims of ineffective appellate counsel to the Arizona Court of Appeals. The Court of Appeals found all of Petitioner's ineffective appellate counsel claims, except one, precluded under an

independent and adequate state bar. These claims should be dismissed with prejudice as they are procedurally defaulted. Because the Arizona Court of Appeals addressed the merits of Petitioner's claim of ineffective appellate counsel for failure to appeal inculpatory statements Petitioner made while on medication in the hospital, this Court will address that part of the claim on the merits. The Magistrate Judge recommends the District Judge dismiss with prejudice Ground I-B in part, excepting the part this Court will address on the merits.

**Ground II: Jury Instruction**

Petitioner alleges the inclusion in the jury instruction of the word "flight" violated his due process rights under the Fifth Amendment. Petitioner raised this claim in his PCR Appeal to the trial court without citing any federal law to support his claim. (Doc 12-1, Ex. LL, pp. 49-51). Petitioner raised this claim as a violation of Arizona's Rules of Court. (Doc 12-1, Ex. LL, pp. 49-51).

In denying Petitioner's PCR Appeal the trial court found Petitioner's claims as to jury instructions were "precluded as they could have been raised on direct appeal." (Doc 12-2, Ex. AAA, p. 50). Denying his petition for review, the Arizona Court of Appeals found that "each of [the] claims – which concerned the admission of evidence, jury instructions, and sentencing – could have been raised on [direct] appeal, and each was therefore, precluded pursuant to Rule 32.2(a) and (c)." (Doc 12-2, Ex. CCC, p. 85 ¶ 7).

Petitioner's claim in Ground II is procedurally defaulted because he failed to present this claim in the state courts as a federal law violation and he cannot now go back to the state courts because Arizona's procedural rules preclude this claim. Furthermore, the Arizona courts applied an independent and adequate state procedural bar on this claim when he first brought it in his PCR Appeal. The Magistrate Judge recommends dismissing with prejudice Ground II as it is procedurally defaulted.

**Ground III: Judicial Vindictiveness**

In his Habeas Petition, Petitioner alleges the trial judge violated his constitutional rights under the Fifth Amendment by sentencing him to consecutive rather than concurrent terms. (Doc 1, p. 8). Petitioner brought this claim in his PCR Appeal to the trial court without citing any law upon which his rights were violated. (Doc 12-1, Ex. LL, pp. 48-49). Rather, Petitioner generally alleges trial court error in sentencing for running his sentences consecutive. (Doc 12-1, Ex. LL, p. 48).

In denying his PCR appeal, the trial court found Petitioner's claim as to arbitrary imposition of consecutive sentences "precluded as it could have been raised on direct appeal. Rule 32.2, Arizona Rules of Criminal Procedure." (Doc 12-2, Ex. YY, p. 40). The Court of Appeals also found that "each of [the] claims – which concerned the admission of evidence, jury instructions, and sentencing – could have been raised on [direct] appeal, and each was therefore, precluded pursuant to Rule 32.2(a) and (c)." (Doc 12-2, Ex. CCC, p. 85 ¶ 7).

Petitioner failed to present his claim in Ground III as a federal law violation to the state courts. Furthermore, the state courts found this claim precluded under Arizona's procedural rules. Therefore, Ground III should be dismissed with prejudice because it is procedurally defaulted.

**Ground IV: Trial Court's Admission of Unreliable Statements into Evidence**

Petitioner alleges his constitutional rights under the Fifth Amendment were violated by the admission of inculpatory "drug induced statements" into evidence at trial. Petitioner raised this claim in his PCR Appeal to the state trial court without citing any federal or state authority to support this claim. (Doc 12-1, Ex. LL, pp. 52-53).

The trial court found these claims were "precluded as they could have been raised on direct appeal." (Doc 12-2, Ex. AAA, p. 51). In his petition for review to the Court of Appeals, Petitioner argued these claims were not precluded, as the hospital records

Petitioner presented to the court constituted "newly discovered material facts" that "probably would have changed the verdict" under Rule 32.1(e) of the Arizona Rules of Criminal Procedure. The Court of Appeals disagreed with Petitioner, finding the exception to the preclusion rule contained in Rule 32.1(e) did not apply to Petitioner because he made "no showing that his hospital records were undiscoverable at the time of the trial," and did not establish this evidence "probably would have changed the verdict," as required by Rule 32.1(e). (Doc 12-2, Ex. CCC, p. 85 ¶ 8). The Court of Appeals found these claims "precluded as they could have been raised on direct appeal." (Doc 12-2, Ex. CCC, p. 85 ¶ 7).

Petitioner failed to present his claim in Ground IV as a federal law violation to the state courts. Furthermore, the state courts found this claim precluded under Arizona's procedural rules. Therefore, Ground IV should be dismissed with prejudice because it is procedurally defaulted.

With regard to all of Petitioner's procedurally defaulted claims, he fails to show cause for the default and actual prejudice as a result of the alleged violations. Petitioner contends that the only reason for his procedural default was his appellate counsel's failure to raise the issues during his direct appeal. Responding directly to this claim, the Arizona Court of Appeals noted "[c]ontrary to [Petitioner's] assertion, '[a]ppellate counsel is responsible for reviewing the record and selecting the most promising issues to raise on appeal' and, '[a]s a general rule, '... is not ineffective for selecting some issues and rejecting others.'" (Doc 12-2, Ex. CCC, p. 86) (*citing State v. Bennett*, 146 P.3d 63, 68 (2006), *quoting State v. Herrera*, 905 P.2d 1377, 1382 (Ariz.App.1995). The Ninth Circuit has consistently held that "counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation." *Coleman*, 501 U.S. at 756. Petitioner has failed to show cause or prejudice for the procedural default of his claims.

**D. Merits**

Under the AEDPA, when reviewing a state criminal conviction, a federal court may grant a writ of habeas corpus only if a state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Federal courts give deference to the state courts' decision on the claims. In conducting habeas review, federal courts "presum[e] that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

Under § 2254(d)(1), a state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court cases or "if the state court confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but "nevertheless arrives at a result different from" that precedent. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision is an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle" from a Supreme Court decision "but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. In considering whether a state court has unreasonably applied Supreme Court precedent, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411.

**Ground I-B: Ineffective Assistance of Appellate Counsel for Failure to Challenge the Admission of Petitioner's Inculpatory Statements Made in the Hospital**

To prevail on an ineffective assistance of counsel claim, a convicted defendant must show: (1) deficient performance by counsel; and (2) that such deficient performance

- 16 -

prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Thus, Petitioner must show both cause and prejudice. *Id.*

To show cause, Petitioner must demonstrate that trial counsel's performance was objectively unreasonable, i.e., "outside the wide range of professionally competent assistance." *Id.* at 688, 690. Judicial scrutiny of counsel's performance "must be highly deferential." *Id.* at 689. Counsel is "strongly presumed to have rendered adequate assistance." *Id.* at 690. Courts reviewing counsel's performance "evaluate the conduct from counsel's perspective at the time" to "eliminate the distorting effects of hindsight." *Id.* at 689. Strategic choices made by counsel after thorough investigation are "virtually unchallengeable." *Id.* at 690.

To show prejudice, Petitioner must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Because a petitioner must prove both prongs of *Strickland*, a court need not decide one prong if a petitioner fails on the other prong. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697.

In Ground I-B, Petitioner alleges appellate counsel was ineffective for failing to challenge the admission of inculpatory statements Petitioner made while in the hospital. This issue was thoroughly litigated prior to trial. After an evidentiary hearing, the trial court cited significant evidence that Petitioner's statements were not subject to physician-patient privilege and Petitioner was able to appreciate what the statements were and therefore found the statements admissible. (Doc 9-2, Ex. H, pp. 122-126).

When denying Petitioner's PCR Appeal, the trial court discussed this claim on the merits and found the following:

> Appellate counsel's failure to challenge the trial court's decisions to admit the defendant's hospital statements and to deny his request for a new trial did not render appellate counsel ineffective. The defendant's arguments have not persuaded the court that the appellate court would have found these rulings erroneous. Accordingly, there is no reason to fault appellate counsel for not including these issues in his appellate brief.

(Doc 12-1, Ex. BB, p. 3). The Arizona Court of Appeals agreed with the trial court and added Petitioner failed to show that appellate counsel's failure to assert this claim constituted deficient performance. Petitioner also failed to show a reasonable probability that but for counsel's alleged failure the outcome of the appeal would have been different. (Doc 12-2, Ex. CCC, p. 88 ¶ 14). The Court of Appeals found that appellate counsel's selection of issues for appeal was a matter of strategy, not incompetence. (Doc 12-2, Ex. CCC, p. 89 ¶ 14 and 15).

The state trial court impliedly followed *Strickland* by finding Petitioner suffered no prejudice by the alleged ineffective assistance of appellate counsel. (Doc 12-1, Ex. BB, p. 3). The Court of Appeals explicitly applied *Strickland* and found no deficient performance of appellate counsel and no prejudice upon Petitioner. (Doc 12-2, Ex. CCC, pp. 88-89 ¶ 14 and 15). This Court finds the state courts' decisions were not contrary to nor an unreasonable application of clearly established federal law.

Petitioner sought to exclude inculpatory statements made to medical personnel while at the hospital. Medical staff asked him "what happened" and "what happened to your arm?" (Doc 9-2, Ex. H, pp. 27-30). After listening to the testimony, the trial judge found Petitioner's statements were not made to medical personnel in response to any question necessary for medical personnel to provide treatment. (Doc 9-2, Ex. H, pp. 122-126). Therefore, the physician-patient privilege did not protect those statements. Petitioner also sought to exclude inculpatory statements he made after being administered pain medication.

The treating nurse testified that Petitioner appeared to give "appropriate responses" to the nurse's questions and the records reflect that Petitioner was "alert and oriented" 40 minutes after receiving the morphine and Ativan. (Doc 9-2, pp. 85-89). The nurse also testified that the amount of morphine Petitioner was given, 10 milligrams, was "not a considerable amount for somebody of a normal adult size." (*Id.* at p. 89). The trial judge found there was no evidence that Petitioner was not "able to appreciate what the statements were." (*Id.* at 122-126).

Based on the thorough litigation of this issue before trial and a reasoned decision to allow the evidence, appellate counsel made a strategic decision not to appeal this claim. The state courts properly applied *Strickland* in finding appellate counsel was not deficient and Petitioner suffered no prejudice from any alleged deficiency. Most importantly, Petitioner has not established that the state courts unreasonably applied *Strickland* or unreasonably determined the facts related to this issue.

Thus, the Magistrate Judge recommends that Ground I-B in part (ineffective assistance of the appellate counsel for failure to challenge the admission of statements) be denied on the merits.

### III. RECOMMENDATION.

Based on the foregoing, the Magistrate Judge recommends that the District Court, after its independent review and analysis, enter an order DENYING Ground I-C as not cognizable in a federal habeas proceeding, DISMISSING Grounds I-A, I-B in part (with the exception of the claim denied on merits below), II, III, and IV of the Habeas Petition as procedurally defaulted, and DENYING Ground I-B in part ( ineffective assistance of appellate counsel for failure to challenge the admission of statements) on the merits, all with prejudice.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within fourteen (14) days of being served with a copy of the Report and Recommendation.

If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-09-653-TUC-RCC.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 29th day of July, 2010.

*[signature: Charles R. Pyle]*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE